UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GAVRIL DUMITRAS, | ) | Case No. 12-04187 |
| | ) | |
| | ) | Chapter 13 |
| Plaintiff, | ) | Judge Jack B. Schmetterer |
| ------------------------------------------- | ) | |
| | ) | |
| GAVRIL DUMITRAS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adversary No. 12-00425 |
| BANK OF AMERICA, NA, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | |

### FINDING OF FACT AND CONCLUSIONS OF LAW ON ADVERSARY COMPLAINT TO DETERMNE VALUE OF SECURED CREDITOR'S CLAIM PURSUANT TO 11 U.S.C. SECTION 506(a)

#### Findings of Fact

1. The Debtor, GAVRIL DUMITRAS, filed this Chapter 13 on February 6, 2012

2. He currently owns his primary residence (hereinafter referred to as "PRIMARY RESIDENCE") presently located at 7158 S. Harding, Chicago, IL 60629.

3. The Debtor's PRIMARY RESIDENCE is presently encumbered with a first and second mortgage respectively held by Wells Fargo Bank, NA and by Bank of America Home Loan Servicing for $129,504.00 and $83,237.00, respectively. Both mortgages are recorded against the subject property.

4. The value of the subject property determined by the certified appraiser dated March 3, 2012 is $128,000.

5. Wells Fargo did file its claim for the first mortgage secured against the subject property however Bank of America failed to file any claim for the second mortgage.

6. On April 19, 2012, the Debtor filed a modified Chapter 13 plan. (hereinafter referred to as "the Plan").

7. The Plan filed on April 19, 2012 provides for the following:

    a. Debtor to make payments to the trustee in the amount of $149.00 per month for 36 months;

    b. Debtor to pay the arrears owed to the first mortgage company, Wells Fargo Home Mortgage;

    c. Debtor to avoid the second mortgage held by Bank of America and to have the Court to determine its secured status and declare said mortgage as "unsecured" and therefore treat is as other "unsecured" creditors in the plan.

    d. Debtor to pay all unsecured claims a 2% dividend based upon the timely filed claims.

8. On March 15, 2012 the Debtor issued a summons and complaint pursuant to 11 U.S.C. Section 506(a) and Bankruptcy Rule 3012 to determine the value of security and creditor's allowed secured claim on Bank of America by certified first class mail with return receipt requested to its Banking Officer.

9. The summons informed the registered agent that an Appearance and Answer must be filed within 30 days of service of said summons. To date neither an Answer nor an Appearance has been filed by the Defendant.

10. Bank of America Home Loan Servicing has not provided or presented any evidence that the secured claim is not valid and more importantly, no evidence that the appraised value is anything other than $129,000 as outlined in the certified Appraiser attached and filed with Debtor's Complaint.

11. The first mortgage held by Wells Fargo Bank N.A. in the amount of $129,504.00 exhausts all the equity and value in Debtor's Primary Residence and therefore there is neither value nor equity to support the second mortgage held by Bank of America for $83,237.00.

### Conclusions of Law

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 151, 157, and 1334 to adjudicate, approve, and enforce the Debtor's effort by the Chapter

13 Plan to determine through confirmation and completion of such plan that the Debtor's second mortgage will no longer be secured. This a core proceedings under 28 U.S.C. Section 157(b)(2)(k) to determine validity of liens.

2. The first mortgage held by Wells Fargo Bank, N.A. is secured in Debtor's Primary Residence.

3. The claim of BAC Home Loan Servicing for the second mortgage in the amount of $83,237.00 is second in priority to the first mortgage secured held by BAC Home Loan Servicing and is thus junior to the first mortgage.

4. The value of Debtor's residence is $128,000.

5. Due to the junior mortgage lien, which is held by Defendant being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, Holloway v. U.S., 2001 WL 1249053 (N.D. ILL. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); IN re McDonald, 205 F.3d 606(3rd Cir.2000).

**JUN 18 2012**

SO ORDERED this _____ day of _____, 2012.

_Bruce W. Black_
Judge Jack B. Schmetterer

Deadra Woods Stokes #6234106
Deadra Woods Stokes & Associates, P.C.
4747 W. Lincoln Mall Drive
Suite 410
Matteson, IL 60443
708-283-5900